# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:24-cv-109-MOC

| | |
|---|---|
| BRANDON A. GADDY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ALEXANDER CORRECTIONAL ) | **ORDER** |
| INSTITUTION, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of the pro se Complaint. [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 6].

## I. BACKGROUND

The pro se Plaintiff incarcerated Plaintiff filed this civil rights action addressing an incident that allegedly occurred at the Alexander Correctional Institution. [Doc. 1]. The Plaintiff names as Defendants: "Alexander Correctional Institution staff;" FNU Panero, and Jhon Doe, correctional officers; FNU Poteat, a unit manager; and Jane Doe, a sergeant. [Id. at 1, 3-4]. He describes his claims as "8th & 9th Amendment & negligence & equal protection." [Id. at 5]. The Plaintiff, who was labeled as transgender at the relevant time, alleges as follows:

> …. On 1.12.21 at 8:30 A.M. while I was out in the dayroom for my rec time the 2 floor officers alone with the booth officer allow another inmate to come out of his cell when it was not his schedule unlock time an walk around the day room before he aproach me to make go inside his cell against my will [and sexually assaulted the Plaintiff]…. I went to outside medical maybe 3 to 4 hours later and a rape kit done an the prea investigation started….. Alexander prison is on control movement so that mean only a few offender are allow to come out at one time. So when the c/o's & booth c/o notice that other inmate was out the floor c/o's pose to step in the block to see why he was out but staff fail to do so prison rape elimination act of 2003 states 'list transgender prisoners within the category of potentially

> vulnerable prisoners' that deserve special attention & monitoring. I don't know all the c/o's name on the staff won't tell me. PREA outcome & camera will support my statement.

[Id. at 5] (errors uncorrected). For injury, the Plaintiff claims emotional distress and bleeding with bowel movements. [Id. at 7]. The Plaintiff seeks "1983 civil rights settlement negotiable $750,000.00." [Id. at 8] (errors uncorrected).

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed

by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

The Plaintiff purports to sue the Alexander CI "staff." [Doc. 1 at 1]. John Doe suits are permissible only against "real, but unidentified, defendants." Schiff v. Kennedy, 691 F.2d 196, 197 (4th Cir. 1982). The designation of a John Doe defendant is generally not favored in the federal courts; it is appropriate only when the identity of the alleged defendant is not known at the time the complaint is filed and the plaintiff is likely to be able to identify the defendant after further discovery. See Roper v. Grayson, 81 F.3d 124, 126 (10th Cir. 1996); Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). "[I]f it does not appear that the true identity of an unnamed party can be discovered through discovery or through intervention by the court, the court could dismiss the action without prejudice." Schiff, 691 F.2d at 198 (footnote omitted). Here, the Plaintiff has provided no information from which the Court can conclude that he would likely be able to identify any prison "staff" who are not separately listed as Defendants. Accordingly, the unspecified "staff" are dismissed as Defendants from this action.

The Plaintiff purports to sue Defendants, who are state officials, in their individual and official capacities. However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Dep't of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, Plaintiff's

3

claims against the Defendants in their official capacities for damages do not survive initial review and will be dismissed with prejudice.

The Plaintiff has also failed to state a claim against the Defendants individually. To establish liability under 42 U.S.C. § 1983, a plaintiff must show that the defendants "acted personally" to cause the alleged violation. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted). As such, the doctrine of respondeat superior does not apply in actions brought under § 1983. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). A supervisor can only be liable where (1) he knew that his subordinate "was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury;" (2) his response showed "deliberate indifference to or tacit authorization of the alleged offensive practices;" and (3) there was an "affirmative causal link" between her inaction and the constitutional injury." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (internal quotation marks omitted).

It appears that the Plaintiff is attempting to assert an Eighth Amendment claim for failure to protect against two "floor officers" and a "booth officer."

"Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quotation marks omitted). The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986).

The Eighth Amendment's Cruel and Unusual Punishments Clause imposes on prison officials a duty to protect prisoners from violence at the hands of other prisoners and other prison officials. See Farmer, 511 U.S. at 833. Still, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the

4

victim's safety." Id. at 834. To state a claim against a prison official for failure to protect, an inmate must show: (1) "serious or significant physical or emotional injury," and (2) that prison officials exhibited deliberate indifference to inmate health or safety." De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (internal quotation marks omitted). To be deliberately indifferent, a prison official must "know of and disregard and objectively serious … risk of harm." Id.

The Plaintiff's allegations are too vague and conclusory for the Court to determine which of the four Defendants these allegations refer. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"). Moreover, the Plaintiff alleges only that another inmate was in the dayroom off-schedule. He has failed to plausibly allege that any Defendant exhibited deliberate indifference to his health or safety. See generally Fed. R. Civ. P. 8(a)(2); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). The allegations suggest, at most, negligence which is insufficient to state a § 1983 claim. See Farmer, 511 U.S. at 835 (deliberate indifference "entails something more than mere negligence," but does not require actual purposeful intent).

The Plaintiff also purports to assert a claim under the Ninth Amendment. However, the Ninth Amendment is a rule of construction that "creates no constitutional rights." Wohlford v. U.S. Dep't of Agriculture, 842 F.2d 1293, 1293 (4th Cir. 1988). Accordingly, the Plaintiff's attempt to state a § 1983 claim for a Ninth Amendment violation fails as a matter of law and it is dismissed as frivolous. See, e.g., Futrell v. Cooper, 3:20-cv-543-MR, 2021 WL 1239823 (W.D.N.C. April 2, 2021).

The Plaintiff also attempts to state a claim for an equal protection violation. To state an

5

equal protection claim, Plaintiff must allege that he has been treated differently from others with whom he is similarly situated, and that the unequal treatment was the result of intentional or purposeful discrimination. See Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). In doing so, the plaintiff must set forth "specific, non-conclusory factual allegations that establish an improper [discriminatory] motive." Williams v. Hansen, 326 F.3d 569, 584 (4th Cir. 2003) (quoting Trulock v. Freeh, 275 F.3d 391, 405 (4th Cir. 2001)). Here, the Plaintiff alludes to having been classified as transgender at the relevant time, but he does not allege that he was treated differently from other similarly situated individuals, nor does he make non-conclusory factual allegations about an improper discriminatory motive. Accordingly, his equal protection claim is dismissed without prejudice.

Finally, it appears that the Plaintiff is attempting to state a North Carolina negligence claim. The Court declines to exercise supplemental jurisdiction over that claim, as no federal claim has passed initial review. See Artis v. Dist. of Columbia, 583 U.S. 71, 74 (2018) (when a district court dismisses all claims independently qualifying for the exercise of federal jurisdiction, it "ordinarily dismiss[es] all related state claims."); 28 U.S.C. § 1367(c)(3). Accordingly, the Plaintiff's North Carolina negligence claim is dismissed without prejudice.

## IV.   CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review. The claims against the Defendants in their official capacities for damages are dismissed with prejudice, and the remaining claims are dismissed without prejudice.

The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order. Any Amended Complaint will be subject to all timeliness and procedural requirements and

will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without further notice.

### ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] fails initial review pursuant to §§ 1915(e)(2)(B)(i)-(iii) and 1915A.
2. The claims asserted against the Defendants in their official capacities for damages are **DISMISSED WITH PREJUDICE.**
3. The remaining claims are **DISMISSED WITHOUT PREJUDICE**.
4. The Plaintiff shall have **thirty (30) days** in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, this action will be dismissed without further notice.

The Clerk is respectfully instructed to mail the Plaintiff a blank § 1983 prisoner complaint form and a copy of this Order.

**IT IS SO ORDERED.**

Signed: June 26, 2024

Max O. Cogburn Jr
United States District Judge