UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:24-cv-109-MOC

| | |
|---|---|
| BRANDON A. GADDY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ALEXANDER CORRECTIONAL ) | **ORDER** |
| INSTITUTION, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the pro se Amended Complaint. [Doc. 8]. The Plaintiff is proceeding in forma pauperis. [Doc. 6].

I. **BACKGROUND**

On April 20, 2024,[1] the pro se incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing an incident that allegedly occurred at the Alexander Correctional Institution on January 12, 2021. [Doc. 1]. The Complaint was dismissed on initial review and the Plaintiff was granted the opportunity to amend. [Doc. 7]. The Amended Complaint is now before the Court for initial review. [Doc. 8].

The Plaintiff names as Defendants in their individual capacities: FNU Panero and Jhon Doe, correctional officers; FNU Poteat, a unit manager; and FNU Hansley, a sergeant. The Plaintiff, a "transgender prisoner," asserts claims for "fail[ure] to protect/ exposure to unreasonable harm, violation of 8th Amendment." [Doc. 8 at 3, 7]. He alleges that the following transpired on January 12, 2021:

---

[1] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to § 1983 case).

> It happen inside of the block at Alexander Correctional Institution an when the other offender came out his the 2 floor officer witch was C/O Panero & C/O Jhon Doe fail to come see why he was out an allow this offender to be out his cell at his unassign day room time while we were on control movement the 2 C/O was sitting in front of the block an did nothing an the offender put my life in danger an rape me.
>
> …
>
> The offender came up to me an told me to go into his cell or he was going to stab me so I walk in front of his cell an stop so that the officer could see me talking to him with his door open an notice that he was not pose to be out but they just did nothing then the offender pull me into his cell an grab my hair force my mouth onto his penis an put his fingers in my butt but I told officer Panero prior to this I had problem with this a offender I was move out of that block one time before….
>
> The failer to portect is I was sexually assaulted by a prisoner under the care of NCDPS/ NCDAC an the prison rape elimination act of 2003 states 'list transgender prisoners within the category of potentially vulnerable prisoners' that deserve special attention & monitoring.
>
> Exposure to unreasonable harm & violation of 8th Amendment is the prison is on control movement 6 offenders out at a time in the dayroom an my group was out for dayroom an the control booth officer an the floor allow another offender to come out his cell when it was not his assign dayroom time the booth officer fail to let sgt or anyone know the offender was out also the floor officer fail to come in to see why this offender was out as well nor did the officer come in to the block to see how he got his door open an due to the fact they fail to do so it led to me getting sexually assaulted – rape.

[Id. at 5-7] (errors uncorrected). For injury, the Plaintiff alleges:

> I have PTSD like I don't trust nobody at a place that's pose to protect me. I have went thru a defamation of my character. I also still see blood from time to time when I wipe since he has ram his finger in my butt. I'm traumatized. Sexual assault/rape.

[Id. at 6] (errors uncorrected). The Plaintiff seeks $750,000 in damages. [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. §

2

1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

"Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quotation marks omitted). The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986).

The Eighth Amendment's Cruel and Unusual Punishments Clause imposes on prison officials a duty to protect prisoners from violence at the hands of other prisoners and other prison officials. See Farmer, 511 U.S. at 833. Still, not "every injury suffered by one prisoner at the

3

Case 5:24-cv-00109-MOC    Document 9    Filed 10/15/24    Page 3 of 5

hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." Id. at 834. To state a claim against a prison official for failure to protect, an inmate must show: (1) "serious or significant physical or emotional injury," and (2) that prison officials exhibited deliberate indifference to inmate health or safety." De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (internal quotation marks omitted). To show deliberate indifference, the inmate "must show both (1) 'that the [prison] official in question subjectively recognized a substantial risk of harm' and (2) that the official also 'subjectively recognized' that any actions he took in response 'were inappropriate in light of that risk.'" Ford v. Hooks, 108 F.4th 224, 230 (4th Cir. 2024) (quoting Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 303 (4th Cir. 2004) (cleaned up)). It is not enough that the prison official should have recognized the risk and the inadequacy of his response. Id. Instead, the official "actually must have perceived" both. Parrish, 372 F.3d at 302-03 ("Deliberate indifference is a very high standard," and "a showing of mere negligence will not meet it") (quoting Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999)).

Here, the Plaintiff does not make any allegations against Defendants Hansley and Poteat whatsoever and, therefore, the claims against them are too vague and conclusory to proceed. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). It appears that the Plaintiff is attempting to rely on respondeat superior, which does not apply in actions brought under § 1983. See generally Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).

The Plaintiff alleges that Officers Panero and Doe were on duty when they failed to notice

that another offender, with whom Plaintiff had a previous problem, was erroneously out of his cell or that he forced the Plaintiff into his cell where he sexually assaulted the Plaintiff. The Plaintiff does not plausibly allege that the officers were subjectively aware that the other offender was out of his cell, that he approached the Plaintiff or forced the Plaintiff into the cell, or that the Plaintiff was being sexually assaulted. In short, there are no allegations that any Defendant was subjectively aware that the Plaintiff was at a substantial risk of harm and disregarded that risk. The Plaintiff has plausibly alleged, at most, negligence which is insufficient to proceed.[2] Parrish, 372 F.3d at 302-03.

The Court will dismiss this action with prejudice because the Plaintiff has already been allowed to amend his Complaint and he has again failed to state a claim for relief. See Green v. Wells Fargo Bank, N.A., 790 F. App'x 535, 536 (4th Cir. 2020).

## IV. CONCLUSION

In sum, the Amended Complaint fails initial review and this action is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Amended Complaint [Doc. 8] fails initial review pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A, and this action is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

Signed: October 14, 2024

Max O. Cogburn Jr
United States District Judge

---

[2] Even if the Plaintiff had stated a plausible § 1983 claim, such would appear to be barred by the applicable three-year statute of limitations. See Nat'l Advertising Co. v. City of Raleigh, 947 F.2d 1158, 1162 n. 2 (4th Cir. 1991) (Section 1983 claims arising in North Carolina are limited by the three-year period for personal injury actions); N.C.G.S. § 1–52.